UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

KATHLEEN MITCHELL
on behalf of herself and all
others similarly situated,

Case No. 19-cv-147

Plaintiff,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

v.

TRILLIANT FOOD AND NUTRITION, LLC
1101 Moasis Drive
Little Chute, Wisconsin 54140

**JURY TRIAL DEMANDED**

Defendant

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.  This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Kathleen Mitchell, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Production employees of Defendant, Trilliant Food and Nutrition, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, Trilliant Food and Nutrition, LLC, formerly known as Victor Allen's Coffee, is a privately owned company headquartered in Little Chute, Wisconsin that produces and manufactures food, beverage, and nutrition products.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt Production employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary payments of rewards, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL; and (2) failing to compensate said employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

4.     Defendant's failure to compensate its hourly paid, non-exempt Production employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**PARTIES**

8.    Defendant is a Little Chute, Wisconsin-based company with a principal office address of 1101 Moasis Drive, Little Chute, Wisconsin 54140.

9.    Defendant's registered agent for service in the State of Wisconsin is Registered Agent Solutions, Inc., located at 901 South Whitney Way, Madison, Wisconsin 53711.

10.    For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11.    For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

12.    Plaintiff, Kathleen Mitchell, is an adult female resident of the State of Wisconsin residing at 923 East Maes Avenue, Kimberly, Wisconsin 54136.

13.    Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

14.    Plaintiff worked as a non-exempt, hourly Production employee at Defendant's Little Chute, Wisconsin location/production facility within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

15.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt Production employees who were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Production employees employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt Production employees were subject to Defendant's same unlawful policies as enumerated herein.

16.     Plaintiff and all other current and former hourly-paid, non-exempt Production employees on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's Little Chute, Wisconsin location/production facility and at Defendant's direction and/or with Defendant's knowledge.

17.     Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt Production employees.

18.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Production employees.

19.     Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Production employees.

20.     Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Production employees abided in the workplace.

21.     Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt Production employees.

22.     Defendant established Plaintiff's work schedules and the work schedules of all other hourly-paid, non-exempt Production employees.

23. Defendant provided Plaintiff and all other hourly-paid, non-exempt Production employees with work assignments and hours of work.

24. Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Production employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

25. On or about November 21, 2016, Defendant hired Plaintiff into the position of Operator.

26. Plaintiff is still currently employed by Defendant.

27. On a daily basis during the entirety of Plaintiff's employment with Defendant, Plaintiff worked directly alongside other current and former hourly-paid, non-exempt Production employees in the same or similarly-titled positions at Defendant's Little Chute, Wisconsin location/production facility and at Defendant's direction and/or with Defendant's knowledge.

28. During Plaintiff's employment with Defendant, Plaintiff reported directly to Arturo Garcia, Coordinator, who reported directly to Mark Rademacher, Supervisor.

29. The vast majority of Defendant's employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were hourly-paid, non-exempt Production employees.

30. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees often worked at least and/or in excess of five (5) days per workweek.

31. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees and consistently worked in excess of forty (40) hours per workweek.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees on a bi-weekly via check.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Saturday at 12:00 p.m. through the following Saturday at 11:59 a.m.

## NON-DISCRETIONARY COMPENSATION

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees with, in addition to their hourly or regular rates of pay, other forms of compensation, such as bonuses, commissions, incentives, and/or other monetary payments or rewards.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of compensation identified in the aforementioned paragraph with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees, in addition to their hourly or regular rates of pay, were non-discretionary in nature and remunerated to Plaintiff and all other hourly-paid, non-exempt Production employees on an annual and/or ad hoc basis.

36.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the monetary payments with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees, in addition to their hourly or regular rates of pay, were based on Plaintiff's and all other hourly-paid, non-exempt Production employees' hours worked and/or work performance.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all non-discretionary forms of compensation, including but not limited to annual bonuses and/or ad hoc monetary payments, in Plaintiff's and all other hourly-paid, non-exempt Production employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

## ON DUTY MEAL PERIODS

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees used unique Employee Numbers for timekeeping purposes each workday to "clock in" and "clock out" via Defendant's electronic timekeeping system.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the actual hours worked of Plaintiff and all other hourly-paid, non-exempt Production employees.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the compensable work time of Plaintiff and all other hourly-paid, non-exempt Production employees.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Production employees to use their unique Employee Numbers to "clock out" (and to "clock back in") for meal periods each workday via Defendant's electronic timekeeping system.

42.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees "clocked out" at the beginning of their meal periods – and then "clocked back in" at

the conclusion of their meal periods in the same manner – via Defendant's electronic timekeeping system.

43.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees performed compensable work immediately prior to "clocking out" for meal periods via Defendant's electronic timekeeping system.

44.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees for work performed immediately prior to "clocking out" for meal periods via its electronic timekeeping system.

45.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees performed compensable work immediately after "clocking back in" from meal periods via Defendant's electronic timekeeping system.

46.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees for work performed immediately after "clocking back in" from meal periods via its electronic timekeeping system.

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for meal periods during which said employees "clocked out" and then "clocked back in" via its electronic timekeeping system.

48.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' meal periods lasted less than thirty (30) consecutive minutes in duration.

49.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees faced discipline from Defendant if they failed to return from their meal periods and "…report to their workstation ready to work…"

50.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees "clocked out" at the beginning of their meal periods – and then "clocked back in" at the conclusion of their meal periods in the same manner – less than thirty (30) consecutive minutes thereafter via Defendant's electronic timekeeping system in order to return to work at Defendant.

51.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees did not take and/or were not provided a meal period that lasted at least thirty (30) consecutive minutes.

52.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours actually worked and work performed each workweek, including at an overtime rate of pay, in violation of the FLSA and the WWPCL.

**

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours actually worked each work day and each workweek, including at an overtime rate of pay, in violation of the FLSA and the WWPCL.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Production employees to work without being paid appropriate and lawful compensation for all hours worked, in violation of the WWPCL.

56.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours actually worked and compensable work performed each workweek, including at an overtime rate of pay, in violation of the FLSA and the WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57.    Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Production employees who were employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), and who received monetary, non-discretionary forms of compensation, such as bonuses, incentives, payments, and/or other rewards, that were not included in the regular rate of pay for overtime calculation purposes.

> **FLSA Collective (Overtime Pay Owed)**: All hourly-paid, non-exempt Production employees who were employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), and who did not receive compensation at an overtime rate of pay as a result of Defendant's failure to compensate said employees for daily meal periods lasting less than thirty (30) consecutive minutes in duration.

58.    Defendant, as a matter of policy and practice, did not include all monetary, non-discretionary forms of compensation, such as annual bonuses, incentives, payments and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective (Non-Discretionary Compensation) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

59.    Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective (Overtime Pay Owed) for daily meal periods that lasted less than thirty (30) consecutive minutes in duration. These practices resulted in Plaintiff and the FLSA Collective (Overtime Pay Owed) being denied overtime compensation by Defendant at the rate of one and

one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

60.　The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

61.　The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

62.　Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

63.　Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

64.　The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

65. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

66. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Production employees who were employed by Defendant within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and who received monetary, non-discretionary forms of compensation, such as bonuses, incentives, payments, and/or other rewards, that were not included in the regular rate of pay for overtime calculation purposes.

> **Wisconsin Class (Overtime Pay Owed)**: All hourly-paid, non-exempt Production employees who were employed by Defendant within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and who did not receive compensation at an overtime rate of pay as a result of Defendant's failure to compensate said employees for daily meal periods lasting less than thirty (30) consecutive minutes in duration.

> **Wisconsin Class (Regular Pay Owed)**: All hourly-paid, non-exempt Production employees who were employed by Defendant within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and who did not receive compensation as a result of Defendant's failure to compensate said employees for daily meal periods lasting less than thirty (30) consecutive minutes in duration.

67. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and

other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

68. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over five hundred (500) members of each of the Wisconsin Classes.

69. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

70. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

72.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform; (4) Whether Defendant failed to include non-discretionary forms of compensation in the Wisconsin Classes regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

75. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime
## (Plaintiff on behalf of herself and the FLSA Collective (Non-Discretionary Compensation))

76.     Plaintiff, on behalf of herself and the FLSA Collective (Non-Discretionary Compensation), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Non-Discretionary Compensation) as provided under the FLSA.

79.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were employees of Defendant as provided under the FLSA.

80.     Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were victims of uniform compensation policies and practices in violation of the FLSA.

81.     Defendant violated the FLSA by failing to include all monetary, non-discretionary forms of compensation, such as bonuses, incentives, payments, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes.

82.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

83.     29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

84.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

85.     Defendant's failure to include all monetary, non-discretionary forms of compensation, such as bonuses, incentives, payments, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to an award of pre-judgment interest at the applicable legal rate.

86.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87.     Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of herself and the FLSA Collective (Overtime Pay Owed))**

89.     Plaintiff, on behalf of herself and the FLSA Collective (Overtime Pay Owed), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

90.     At all times material herein, Plaintiff and the FLSA Collective (Overtime Pay Owed) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

91.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Overtime Pay Owed) as provided under the FLSA.

92.     At all times material herein, Plaintiff and the FLSA Collective (Overtime Pay Owed) were employees of Defendant as provided under the FLSA.

93.     Plaintiff and the FLSA Collective (Overtime Pay Owed) were victims of uniform compensation policies and practices in violation of the FLSA.

94. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Overtime Pay Owed) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek by failing to compensate Plaintiff and the FLSA Collective (Overtime Pay Owed) for daily meal periods that lasted less than thirty (30) consecutive minutes in duration.

95. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

96. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

97. Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Overtime Pay Owed) and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Overtime Pay Owed) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Overtime Pay Owed) are entitled to an award of pre-judgment interest at the applicable legal rate.

98.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Overtime Pay Owed) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

99.     Plaintiff and the FLSA Collective (Overtime Pay Owed) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

100.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation))

101.    Plaintiff, on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

102.    At all relevant times, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

103.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

104. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

105. Throughout the Class Period, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

106. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) overtime compensation.

107. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

108. Defendant willfully failed to include all forms of monetary, non-discretionary compensation in the Wisconsin Class' (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

109. As set forth above, Plaintiff and the members of the Wisconsin Class (Non-Discretionary Compensation) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Non-Discretionary

Compensation) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

110.     Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of herself and the Wisconsin Class (Overtime Pay Owed))

111.     Plaintiff, on behalf of herself and the Wisconsin Class (Overtime Pay Owed), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

112.     At all relevant times, Plaintiff and the Wisconsin Class (Overtime Pay Owed) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

113.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Overtime Pay Owed) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

114.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Overtime Pay Owed) within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

115.     Throughout the Class Period, Plaintiff and the Wisconsin Class (Overtime Pay Owed) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

116. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Overtime Pay Owed) overtime compensation.

117. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

118. Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Overtime Pay Owed) overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to compensate Plaintiff and the Wisconsin Class (Overtime Pay Owed) for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

119. As set forth above, Plaintiff and the members of the Wisconsin Class (Overtime Pay Owed) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Overtime Pay Owed) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Overtime Pay Owed) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

120. Plaintiff and the Wisconsin Class (Overtime Pay Owed) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FIFTH CLAIM FOR RELIEF**
**Violation of the WWPCL**
**(Plaintiff, on behalf of herself and the Wisconsin Class (Regular Pay Owed))**

121.    Plaintiff, on behalf of herself and the Wisconsin Class (Regular Pay Owed), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

122.    At all relevant times, Plaintiff and the Wisconsin Class (Regular Pay Owed) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

123.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Regular Pay Owed) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

124.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Regular Pay Owed) within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

125.    Throughout the Class Period, Plaintiff and the Wisconsin Class (Regular Pay Owed) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

126.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Regular Pay Owed) overtime compensation.

127.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

128.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Regular Pay Owed) compensation for all hours worked in workweeks when no overtime was due, if any, by failing to compensate Plaintiff and the Wisconsin Class (Regular Pay Owed) for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

129.    As set forth above, Plaintiff and the members of the Wisconsin Class (Regular Pay Owed) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Regular Pay Owed) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Regular Pay Owed) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

130.    Plaintiff and the Wisconsin Class (Regular Pay Owed) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)  At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Production employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b)  At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 28th day of January, 2019.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com