UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

KATHLEEN MITCHELL
on behalf of herself and
all others similarly situated,

        Plaintiff,

                                      Case No. 19-cv-147

    v.

TRILLIANT FOOD AND NUTRITION, LLC,

        Defendant

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND FOR CERTIFICATION FOR SETTLEMENT PURPOSES

### INTRODUCTION

Plaintiff, Kathleen Mitchell ("Mitchell"), on behalf of herself and all others similarly situated, and Defendant, Trilliant Food and Nutrition, LLC ("Trilliant"), jointly move this Court for preliminary approval of the parties' settlement of this lawsuit in accordance with the Settlement Agreement & Release, attached hereto as **Exhibit A** ("Settlement Agreement").

For settlement purposes only, the parties seek final certification of a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and a class pursuant to Fed. R. Civ. P. 23, of all hourly, non-exempt Production Employees who worked at Trilliant during the applicable period. To date, one hundred and forty-one (141) individuals, including Mitchell, have opted-into this lawsuit and form the collective. (Declaration of James A. Walcheske ("Walcheske Decl."), ¶ 11.)

1

The Settlement Agreement provides a total settlement payment of $1,000,000.00, inclusive of a Service Award to Mitchell and Mitchell's attorneys' fees and litigation-related costs. (*Id.* at ¶ 20.) The parties believe that the Settlement Agreement is fair and reasonable because it fully and adequately satisfies this Court's criteria for collective action settlements. As such, the parties respectfully request that this Court:

(1)      Preliminarily approve the terms and conditions as memorialized in the parties' written Settlement Agreement as fair, reasonable, and adequate;

(2)      Order certification for settlement purposes of a class action under Rule 23, defined as all hourly-paid, non-exempt Production Employees employed by Trilliant within the two (2) years prior to this action's filing who have not been compensated for all hours worked in a workweek as a result of Trilliant's failure to compensate said employees for compensable, on-duty meal periods lasting less than thirty (30) consecutive, duty-free minutes in duration (the "WWPCL Class");

(3)      Order final certification for settlement purposes of the previously conditionally certified collective action under FLSA, 29 U.S.C. § 216(b), defined as all hourly-paid, non-exempt Production Employees employed by Trilliant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Trilliant's failure to compensate said employees at an overtime rate of pay for compensable meal periods lasting less than thirty (30) consecutive, duty free minutes in duration (the "FLSA Collective" and, together with the "WWPCL Class," the "Settlement Class");

(4)      Appoint Kathleen Mitchell as Class Representative;

2

(5)     Appoint Walcheske & Luzi, LLC as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

(6)     Approve the Notice of Class and Collective Action and Proposed Settlement ("Notice") that will be sent to the members of the FLSA Collective and Rule 23 Class, which is attached hereto as **Exhibit B**;

(7)     Order that the Notice constitutes the best notice practicable under the circumstances, including individual notice to all members of the class/collective who can be identified with reasonable effort, and that the Notice constitutes a valid, due, and sufficient notice to members of the Settlement Class in full compliance with the requirements of applicable law;

(8)     Order that Trilliant's counsel provide Class Counsel with an Excel spreadsheet list of the names and last known addresses of the Settlement Class members within five (5) business days after this Court's Preliminary Approval Order, according to records maintained by Trilliant, in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; and "Zip Code";

(9)     Order that Class Counsel send a copy of the Notice attached hereto as Exhibit B to the Settlement Class members via U.S. first class mail within five (5) business days of its receipt of address information from Trilliant's counsel;

(10)     Order that each Settlement Class member who has properly and timely opted-into the FLSA Collective shall be bound by the parties' Settlement Agreement at the time that this Court issues a Final Order Approving Settlement;

3

(11)     Order that each WWPCL Class member who wishes to be excluded from the WWPCL Class must opt-out pursuant to the instructions set forth in the Notice, and that any such responses must be postmarked within thirty (30) calendar days of the mailing of the Notice;

(12)     Order that any Settlement Class member who wishes to object in any way to the Settlement Agreement must file and serve such written objections pursuant to the instructions set forth in the Notice no later than thirty (30) calendar days after the mailing of the Notice, together with copies of all papers in support of his or her position;

(13)     Order that any WWPCL Class member who has not properly and timely requested exclusion from the WWPCL Class will be bound in the event the Court issues a Final Order Approving Settlement;

(14)     Schedule a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable and adequate, and whether the proposed Final Order Approving Settlement should be entered; and

(15)     Order that any motions, including but not limited to a Motion for Approval of Named Plaintiff's Service Award, a Motion for Approval of Class Counsel's Attorneys' Fees and Costs, and a Joint Motion for Final Approval of Settlement, be filed with the Court no later than seven (7) calendar days prior to the Fairness Hearing.

(**Exhibit** ("Ex.") **A**, pp. 5-7.)

4

## PROCEDURAL AND SETTLEMENT HISTORIES

On January 28, 2019, Mitchell, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Production Employees of Trilliant, filed her Complaint with this Court. (ECF No. 1.) At the outset, Mitchell alleged violations of the FLSA and WWPCL relating to non-discretionary compensation that was allegedly not included in Mitchell's and all other Production Employees' regular rates of pay for overtime calculation and compensation purposes (Mitchell's "non-discretionary claim"), and unpaid wages, including overtime compensation, resulting from Trilliant's practice of failing to compensate Mitchell and all other Production Employees for meal periods lasting less than thirty (30) consecutive, duty-free minutes in duration (Mitchell's "meal period claim"). (Walcheske Decl., ¶ 10.)

On October 1, 2019, Mitchell filed *Plaintiff's Motion for Conditional Certification and Authorization of Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b)*, ECF No. 17. Therein, Mitchell moved for conditional certification only as related to her meal period claim. (*See id.*)

On March 6, 2020, and while Mitchell's conditional certification motion was pending, the parties filed their *Stipulation of Partial Dismissal*, which called for the stipulated dismissal of Mitchell's non-discretionary claim. (ECF No. 31.) This Court subsequently granted the parties' Stipulation and dismissed Mitchell's non-discretionary claim on December 2, 2020. (ECF No. 142.)

On March 12, 2020, this Court entered its *Decision and Order Granting Plaintiff's Motion for Conditional Certification*. (ECF No. 32.) Thereafter, Class Counsel issued Notice to all members of the putative collective. (Walcheske Decl., ¶ 11.) In all, 141 current and former

Production Employees at Trilliant, including Mitchell, opted-into this litigation. (*Id.*; ECF Nos. 33-36, 39-48, 51, 54.)

Beginning on November 13, 2020, and continuing through January 22, 2021, the parties' filed and fully briefed: *Plaintiff's Motion for Class Certification and Authorization of Notice Pursuant to Fed. R. Civ. P. 23*, ECF No. 55; *Defendant's Motion for Decertification of FLSA Collective*, ECF No. 136; *Defendant's Notice of Motion and Motion for Partial Summary Judgment*, ECF No. 149; and *Plaintiff's Motion for Partial Summary Judgment*, ECF No. 154.

On May 19, 2021, the parties notified the Court, via letter from Attorney James A. Walcheske, that they had reached an agreement in principle to resolve this matter and asking the Court to stay or remove all further deadlines in the case and to take no further action on their Motions that remained pending before the Court. (ECF No. 170.) The Court then entered an Order to that effect on May 20, 2021. (ECF No. 171.)

The discussions that culminated with the parties notifying the Court of their agreement in principle dated back to the almost the beginning of this case, with Class Counsel making its first formal, confidential offer of settlement in May 2019. (Walcheske Decl., ¶ 13.) Informal settlement discussions continued between the parties up until the time that they filed their respective Motions beginning on November 13, 2020. (*Id.*)

On April 6, 2021, the parties engaged in a formal mediation with Hon. David E. Jones, ret. (*Id.* at ¶ 14.) While the parties were unable to reach a resolution on that date, significant progress was made, and the parties continued their settlement efforts until they were able to reach an agreement in principle on May 19, 2021. (*Id.*)

The ultimate result of the parties' significant and lengthy efforts is embodied in the parties' Settlement Agreement, which was fully executed by the parties as of June 22, 2021.

6

## THE SETTLEMENT AGREEMENT

The parties' Settlement Agreement contains the following summarized terms, conditions, timelines, processes, and procedures of settlement.

## I.     THE WWPCL CLASS

Mitchell brought this Lawsuit on behalf of herself and all others similarly situated for alleged wages owed under the WWPCL. (*See* ECF No. 1.) For purposes of settlement only, the parties seek certification of the WWPCL Class pursuant to Fed. R. Civ. P. 23 and defined as follows:

> All hourly-paid, non-exempt Production Employees employed by Defendant within the two (2) years prior to this action's filing through January 28, 2019, who have not been compensated for all hours worked in a workweek as a result of Defendant's failure to compensate said employees for compensable, on-duty meal periods lasting less than thirty (30) consecutive, duty-free minutes in duration.

(Ex. A, p. 2.)

## II.    THE FLSA COLLECTIVE

Mitchell also brought this Lawsuit on behalf of herself and all others similarly situated for alleged overtime wages owed under the FLSA. Thus, for purposes of settlement only, the parties seek final certification of the previously conditionally certified collective under the FLSA. The FLSA Collective is defined as follows:

> All hourly-paid, non-exempt Production Employees employed by Defendant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees at an overtime rate of pay for compensable meal periods lasting less than thirty (30) consecutive, duty free minutes in duration.

(Ex. A, p. 2.)

7

## II. THE TERMS, CONDITIONS, TIMELINES, PROCESSES, AND PROCEDURES OF SETTLEMENT

The general terms, conditions, timelines, processes, and procedures of the Settlement Agreement are summarized as follows.

### A. The Claims and Causes of Action Covered By This Settlement

Because Mitchell's claims are brought under the WWPCL and FLSA, the parties have adopted different procedures for such claims. With respect to the WWPCL, the parties agree that any claims, damages, or causes of action arising out of or related to the WWPCL will be settled and compromised between Trilliant and the Class Members who do not affirmatively opt-out of this Lawsuit. (*See* Ex. A.) With respect to the FLSA, the parties agree that any claims, damages, or causes of action arising out of or related to the FLSA will be settled and compromised between Trilliant and the individuals who have already properly and timely opted-into the conditionally certified collective. (*See id.*)

### B. Payments to Settlement Class Members

The compensation payable to each member of the Settlement Class is dependent upon their status as a member of the FLSA Collective or WWPCL Class.

The parties exchanged significant amounts of data and information, including timekeeping and compensation records for all members of the conditionally certified collective. (Walcheske Decl., ¶ 15; Ex. A, p. 2.) Class Counsel also retained two (2) experts to thoroughly analyze that data to determine: (1) the number of meal periods lasting less than thirty (30) consecutive, duty-free minutes in duration taken by each such individual, the workweeks in which they occurred, and the resulting number of uncompensated hours of work each workweek; and (2) the total amount of damages suffered by each individual, including liquidated damages, resulting from their

8

uncompensated on-duty meal periods and based on their applicable hourly and overtime rates of pay. (Walcheske Decl., ¶ 15; Ex. A, p. 2.)

Under the Settlement Agreement, the Net Settlement Fund available to members of the Settlement Class is $628,166.67, which is divided into two (2) funds as follows: $199,092.00 allocated to the FSLA Collective, and $429,074.67 allocated to the WWPCL Class.

For settlement purposes only, the parties used calculations based on meal periods lasting twenty-eight (28) minutes or less in duration, resulting in the members of the FLSA Collective being potentially owed a maximum of approximately $265,455.38 (including liquidated damages), or an average of approximately $1,882.66 per member. (Walcheske Decl., ¶ 22; Ex. A, p. 9.) Under the terms of the parties' Settlement Agreement, each member of the FSLA Collective will receive $1,412.00, for a total of $199,092.00. (Walcheske Decl., ¶22; Ex. A, p. 9.) This represents a recovery of approximately seventy-five percent (75%) of the maximum amount each individual could potentially recover, including liquidated damages, if they were one hundred percent (100%) successful on their wage claims. (Walcheske Decl., ¶22; Ex. A, p. 9.)

Based on the same calculations used by the parties for settlement purposes only, members of the WWPCL Class were determined to be potentially owed a maximum of approximately $729,530.75, or an average of approximately $941.33 per member. (Walcheske Decl., ¶ 23.) Under the terms of the parties' Settlement Agreement, each member of the WWPCL Class will receive $553.64, for a total of $429,074.67. (*Id.*; Ex. A, p. 10.) This represents a recovery of approximately 58.8% of the maximum amount each individual could potentially recover if they were one hundred percent (100%) successful on their wage claims. (Walcheske Decl., ¶ 23.)

9

### C.     The Notice and Opt-Out Processes, Procedures, and Timelines

Within five (5) business days after this Court's Preliminary Approval Order, Trilliant's counsel will provide Class Counsel with an Excel spreadsheet list of the names and last known addresses of the Settlement Class members, according to records maintained by Trilliant, in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; and "Zip Code." (Ex. A, p. 7.)

Within five (5) business days thereafter, Class Counsel will send a copy of the Notice attached hereto as **Exhibit B** to the Settlement Class members via U.S. first class mail. (*Id.*) The Notice informs the recipients of their rights and participation options, including the ability to opt out of the settlement, and the settlement payment he/she will receive if he or she participates in the settlement, among other things. (*See* Ex. B.)

Any WWPCL Class member who wishes to be excluded from the Settlement Class must submit a written request for exclusion postmarked no later than thirty (30) calendar days after the mailing of the Notice. Any WWPCL Class member who fails to submit a timely request to be excluded shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. (Ex. A, pp. 7-8.)

The effective date of the parties' Settlement Agreement is the date upon which this Court grants final approval of the Settlement Agreement. Trilliant's payments to all Settlement Class members who did not affirmatively exclude themselves from the settlement will be mailed within fourteen (14) calendar days of that effective date. (*Id.* at p. 9.)

10

### E.    Mitchell's Service Award

The parties have agreed that Mitchell will receive a Service Award, subject to Court approval, of Fifteen Thousand Dollars ($15,000). Trilliant agrees that this Service Award is reasonable and has agreed to and does not oppose this request. (Ex. A, p. 10.)

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to service awards. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Mitchell was incredibly involved in the prosecution of her claims on behalf of herself and all other members of the Settlement Class and has earned an additional award for her service in prosecuting and resolving this matter. Mitchell's Service Award was agreed to by the parties and also serves as additional consideration for Mitchell's release of claims against the Released Parties (defined below). Ultimately, the approval of Mitchell's Service Award by this Court will not affect, in any way, the amounts or compensation paid to Settlement Class members via the Net Settlement Fund. (Walcheske Decl., ¶ 20.)

### F.    Class Counsel's Reasonable Attorneys' Fees and Costs

Trilliant has agreed to pay Class Counsel up to a total monetary amount of $356,833.33 for attorneys' fees and costs, which consists of $333,333.33 in attorneys' fees and $23,500.00 in litigation-related costs. (Ex. A, p. 10.) Payment of Counsel's attorneys' fees in the amount of $333,333.33 represents approximately one-third (33.33%) of the total settlement amount, which is less than the forty percent (40%) recovery allowed-for in Counsel's written free agreement with

11

Mitchell, (Walcheske Decl., ¶ 24), and is consistent with the approach for approval taken by federal courts in this State. Further, reimbursement of Counsel's litigation-related costs is also in accordance with its written fee agreement with Mitchell, (*id.*), and consistent with the approach for approval taken by federal courts in this State.

Class Counsel shall move the Court for approval of these amounts no later than seven (7) calendar days prior to the Fairness Hearing. (Ex. A, p. 6.) Ultimately, and like Mitchell's Service Award, the approval of Counsel's fees and costs by this Court will not affect, in any way, the amounts or compensation paid to the Settlement Class members via the Net Settlement Fund. (Walcheske Decl., ¶ 20.)

### G.    Final Settlement Approval

Within approximately sixty (60) calendar days after this Court's Preliminary Approval Order, the parties will request a Final Order Approving Settlement and directing the entry of judgment pursuant to the Federal Rule of Civil Procedure 54(b) as follows: (1) Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to Mitchell and the Settlement Class; (2) Declaring the Settlement Agreement to be binding on Trilliant, Mitchell, and the Settlement Class members; (3) Dismissing with prejudice and permanently barring and enjoining Mitchell and all members of the Settlement Class from filing or prosecuting claims against Trilliant and its past, present and future parents, subsidiaries, affiliates, and related entities, and each of their respective past and present owners, officers, directors, principals, stockholders, managers, members, partners, agents, insurers, attorneys, servants, representatives, independent contractors, and employees, employee benefit plans, assigns and other representatives of any kind ("Released Parties") pursuant to the WWPCL; (4) Dismissing with prejudice and permanently barring and enjoining Mitchell and all the members of the FLSA Collective from filing or prosecuting claims

12

against the Released Parties pursuant to the FLSA; (5) Enjoining Mitchell specifically from filing or prosecuting any claims according to the applicable releases described in the Settlement Agreement; (6) Dismissing without prejudice the WWPCL claims of any members of the Settlement Class who properly and timely excluded themselves from the settlement in accordance with the procedures set forth in the Settlement Agreement and Notice; (7) Forever discharging Trilliant from all released and dismissed claims; and (8) Approving Mitchell's Service Award and Class Counsel's attorneys' fees and costs. (Ex. A., p. 8.)

### H.    Settlement Fund and Administration

Within fourteen (14) calendar days of the Court's Final Order Approving Settlement, Trilliant will mail Settlement Checks to all members of the Settlement Class who did not properly and timely exclude themselves for their respective amounts, as well as Mitchell's Court-approved Service Award, and Class Counsel's Court-approved attorneys' fees and costs. (*Id.* at p. 9.) Any amounts unclaimed by participating Settlement Class members and amounts attributable to uncashed Settlement Checks will revert to Trilliant. (*Id.*)

### I.    Release of Claims

Upon the Court entering a Final Order Approving Settlement, Mitchell and the WWPCL Class will release all applicable state law wage and hour claims against the Released Parties, and Mitchell and the FLSA Collective will release all release all applicable federal and state law wage and hour claims against the Released Parties, that were or could have been asserted in this Lawsuit. (Ex. A, p. 12.) Additionally, Mitchell, upon Court-approval of her Service Award, also generally releases all claims against Trilliant as specified in the Settlement Agreement. (Ex. A, pp. 12-13.)

13

## PRELIMINARY APPROVAL OF THE PARTIES' SETTLEMENT IS APPROPRIATE

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute over alleged violations of the FLSA, and the Court then enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

When considering a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors courts consider are the complexity, expense, and likely duration of the litigation; reaction of the class members to the settlement; the stage of the proceedings and the discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Preliminary approval of a settlement allows putative class/collective members to receive notice of the proposed settlement terms and the date and time of the fairness hearing at which putative class members may be heard and further evidence and argument presented to the Court

14

concerning the fairness, adequacy, and reasonableness of the settlement. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### A.     The Strength of the Case Vis-à-Vis the Settlement Amount

The first settlement-approval factor is "the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006). Put differently, a court assesses the reasonableness of the settlement in light of the best possible recovery. *Burkholder*, 750 F. Supp. 2d at 995.

Here, and as demonstrated by the parties' Motions as filed with the Court, while the parties continue to maintain a strong belief in their respective positions on the merits of Mitchell's claims and the possibility of collective and Rule 23 certification, they recognize the significant risks associated with continuing the litigation, including the Court's decisions on those Motions, as well as the significant risks and costs associated with continuing to and conducting a trial in this matter. As a result, the parties have entered into the Settlement Agreement, attached hereto as **Exhibit A**. Moreover, the monetary payments that will be made to each member of the Settlement Class are fair and reasonable because they are representative of the maximum amount each member could hope to obtain, only slightly discounted to account for the risks inherent with continued litigation and the possibility of obtaining lesser amounts if anything.

### 1.     Mitchell's Claims

Mitchell, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Production Employees of Trilliant, filed her Complaint with this Court, alleging as relevant hereto that Trilliant failed to compensate said employees for all hours suffered or permitted to work, including at an overtime rate of pay, as a result of its failure to compensate said employees for on-duty meal periods lasting less than thirty (30) consecutive, duty-free minutes in

15

duration. (ECF No. 1.) Mitchell sought to obtain relief under the WWPCL and FLSA for unpaid wages and overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court deemed appropriate. (*Id.*)

The totality of the facts and circumstances underlying Mitchell's claims have been presented to the Court through the totality of her filings with respect to partial summary judgment, Rule 23 certification, and final certification of the conditionally certified collective. (*See* ECF Nos. 55-135, 143-46, 154-57, 159-61, 166-67.)

### 2. Trilliant's Defenses

Trilliant continues to deny Mitchell's allegations and asserts that its meal period and compensation policies and practices were lawful at all times, and otherwise denies any and all liability and damages of any kind to anyone with respect to Mitchell's allegations or the causes of action asserted in Mitchell's Complaint.

The totality of Trilliant's defenses to and arguments against the merits of Mitchell's claims have been presented to the Court in its Answer, as well as through the totality of its filings with respect to partial summary judgment, Rule 23 certification, and final certification of the conditionally certified collective. (*See* ECF Nos. 11, 136-39, 147-53, 158, 162-64, 168-69.)

### 3. Settlement Terms

Trilliant has agreed to settle Mitchell's claims and make available compensation to all of its current and former hourly-paid, non-exempt Production Employees within the applicable time period, including Mitchell, for alleged wages owed, including overtime. These payments are representative of the maximum amount each member could hope to obtain, only slightly discounted to account for the risks inherent with continued litigation and the possibility of obtaining lesser amounts if anything.

16

The methodology used to calculate the monetary amount to which each Settlement Class member is entitled is set forth in detail in Section II.B., *supra.* This methodology is fair and reasonable because it is based on all available data as analyzed by two (2) retained experts and is representative of what each member could reasonably anticipate receiving, given their maximum amounts of recovery assuming complete success on the merits in relation to the inherent risks in continued litigation and the expense in potentially bringing their own, individual actions. Additionally, Trilliant is paying Mitchell's Service Award (assuming approval by this Court), and all attorneys' fees and costs of Class Counsel (also assuming approval by this Court).

A.    **The Complexity, Length, Expense, and Risks of Litigation**

The complexity, expense, length, and risks of continued litigation weigh in favor of resolution and this Court approving this Settlement Agreement.

As noted above, both sides acknowledge that the parties' respective positions are substantially complicated due to numerous disputes over factual issues and legal theories, as demonstrated by the parties' cross-filed summary judgment motions. The litigation also concerns approximately one thousand (1,000) employees who may or may not have particular timekeeping and work habits. Litigation of this matter through trial would require considerable time, effort, expense, and risk for both sides, as well as additional expenditures in litigation-related expenses. The time and expense the parties have already incurred and stood to continue incurring in this matter further supports the parties' decision to enter into this Settlement Agreement. Moreover, if Mitchell does not obtain Rule 23 certification and/or final certification of the conditionally certified collective, all other affected hourly-paid, non-exempt Production Employees would bear the expense of litigating their claims on an individual basis, and Trilliant would bear the risks and burden of defending same. With all of these factors in mind and from both parties' perspectives,

17

settlement is favored at this time.

**B. The Lack of Opposition to the Settlement**

The parties are unaware of any opposition and/or objections to the settlement at this time. (Walcheske Decl., ¶ 26.) If any opposition arises during the opt-out period, the parties will address said opposition and/or objections with the Court.

**C. Counsel's Opinion of the Settlement**

Counsel for the parties support the settlement. As experienced practitioners in the area of employment law and wage and hour class and collective actions, the parties' counsel recognize the uncertainty they face in continuing the litigation. Counsel have carefully and thoroughly negotiated the parties' settlement and sought a fair and equitable resolution to Mitchell's claims under the WWPCL and FLSA that will resolve the case short of trial. Despite their divergent views regarding Mitchell's allegations, counsel engaged in lengthy, arms-length negotiations and ultimately reached a settlement that they consider to be fair, reasonable, and adequate given all the considerations above. (*Id.* at ¶ 20.)

**D. The Amount of Discovery and Stage of Proceedings**

The parties have litigated this case to the fullest, having done extensive discovery, including written discovery and fifteen (15) depositions, and fully briefed all issues in this case, including conditional certification under the FLSA, final certification (and decertification) under the FLSA, Rule 23 certification, and partial summary judgment as respectively filed by the parties. They have exchanged copious amounts of information and data, and Mitchell retained two (2) experts to analyze the same to determine the number and lengths of on-duty meal periods taken by all members of the conditionally certified collective lasting less than thirty (30) consecutive, duty-free minutes in duration, as well as to calculate their amounts owed and the anticipated amounts

18

owed to all members of the Rule 23 class (if it were certified). Class Counsel also obtained over eighty (80) declarations from members of the conditionally certified collective in support of Mitchell's claims. (*Id.* at ¶ 15.)

While engaging in this thorough litigation of Mitchell's claims, counsel for the parties also stayed in communication and continued working toward resolution throughout the litigation, having first discussed settlement within months of this case's filing, continuing through a day-long mediation, and protracted discussions over a one (1) month period thereafter. (*Id.* at ¶¶ 12-14.)

Dating back to the beginning of this case, the parties have had ample time and information to evaluate the risks of continued litigation versus the benefits and finality of resolution. From both parties' perspectives, settlement is favored at this time.

### THE PARTIES' PROPOSED NOTICE AND MATTER OF SERVICE ARE APPROPRIATE

A Court must provide the best notice practicable of the settlement to all class members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). Notice of FLSA claims must give potential collective members enough information to make informed decisions about whether to participate. *See, e.g., Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Here, the parties' Notice, attached hereto as **Exhibit B**, and the manner of service are reasonable, sufficient, and appropriate. The Notice: describes the case and the legal claims; describes the essential terms of the settlement; informs the recipient about his/her right to participate (and to not participate) in the settlement; informs the recipient of how to participate (and to not participate) and what they will receive if he or she does participate; provides information regarding Mitchell's Service Award and Class Counsel's attorneys' fees and costs; prominently displays the address of Class Counsel and the procedure for making inquiries

19

and objections; and makes clear that the Notice is not from the Court and that the Court should not be contacted with any inquiries. (*See* Ex. B.)

Class Counsel will distribute the Notice to all Settlement Class members via first class U.S Mail to the individuals' last known addresses. (Ex. A, p. 7.) Service via first class U.S. Mail satisfies the "best notice practicable" standard. *See, e.g., Eisen*, 417 U.S. at 177 (stating that "[i]t is beyond dispute that notice by first class mail ordinarily satisfies Rule 23(c)(2)'s requirement that class members receive the 'best notice practicable under the circumstances.'")

Accordingly, the parties' Notice, attached hereto as **Exhibit B**, and the manner of service are reasonable, sufficient, appropriate, and comply with the due process requirements of Fed. R. Civ. P. 23.

## CONCLUSION

For all of the reasons stated above, the parties respectfully request that the Court enter an Order that: (1) preliminarily approves the terms and conditions as memorialized in the parties' written Settlement Agreement, attached hereto as **Exhibit A**, as fair, reasonable, and adequate; (2) establishes certification for settlement purposes of the Rule 23 Class and FLSA Collective; (3) approves the Notice that will be sent to all Settlement Class members, attached hereto as **Exhibit B**; (4) establishes that the Notice constitutes the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who can be identified with reasonable effort, and that the Notice constitutes a valid, due, and sufficient notice to such individuals in full compliance with the requirements of applicable law; (5) orders Trilliant to provide the information necessary to distribute the Notice; (6) orders Class Counsel to distribute the Notice to all members of the Settlement Class; (7) orders each individual who wishes to opt-out of the settlement to do so in accordance with the procedures set forth in the Settlement

20

Agreement and Notice and be postmarked no later than thirty (30) calendar days following mailing of the Notice; and (8) establishes a date for this Court's Fairness Hearing, as well as deadlines for Class Counsel's motions for approval of Mitchell's Service Award and Counsel's attorneys' fees and costs, any supplemental brief in support of final approval of the Settlement Agreement, and the parties' Joint Motion for a Final Order Approving Settlement no later than seven (7) calendar days prior to the Fairness Hearing.

Dated this 25th day of June, 2021.

_s/ James A. Walcheske_____
JAMES A. WALCHESKE
State Bar No. 1065635
WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Email: jwalcheske@walcheskeluzi.com
Telephone: (262) 780-1953

*Counsel for Plaintiff*

_s/ Geoffrey S. Trotier_____
GEOFFREY S. TROTIER
State Bar No. 1047083
VON BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Email: gtrotier@vonbriesen.com
Telephone: (414) 287-1369

*Counsel for Defendant*

21