UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

KATHLEEN MITCHELL
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

                              Case No. 19-C-147

TRILLIANT FOOD AND NUTRITION, LLC,

    Defendant.

---

### ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND FOR CERTIFICAITON FOR SETTLEMENT PURPOSES

---

Having review the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement and for Certification for Settlement Purposes ("Joint Motion") and its supporting documents, **IT IS HEREBY ORDERED THAT**:

1. The parties' Settlement Agreement & Release, (ECF No. 172-1) is **PRELIMINARILY APPROVED** as a fair, reasonable, and adequate resolution of a bona-fide dispute under the Fair Labor Standards Act ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL");

2. Certification is **GRANTED**, for settlement purposes only, of a class action under Fed. R. Civ. P. 23, as defined as all hourly-paid, non-exempt Production Employees employed by Trilliant within the two (2) years prior to this action's filing who have not been compensated for all hours worked in a workweek as a result of Trilliant's failure to compensate said employees for

compensable, on-duty meal periods lasting less than thirty (30) consecutive, duty-free minutes in duration (the "WWPCL Class");

3. Certification is **GRANTED**, for settlement purposes only, of an FLSA collective action under 29 U.S.C. § 216(b), defined as all hourly-paid, non-exempt Production Employees employed by Trilliant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Trilliant's failure to compensate said employees at an overtime rate of pay for compensable meal periods lasting less than thirty (30) consecutive, duty free minutes in duration (the "FLSA Collective" and, together with the "WWPCL Class," the "Settlement Class");

4. Named Plaintiff, Kathleen Mitchell, is **APPOINTED** as the Class Representative;

5. Walcheske & Luzi, LLC is **APPOINTED** as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

6. The parties' Notice of Class and Collective Action and Proposed Settlement, (ECF No. 172-2) (the "Notice"), is **APPROVED** and constitutes the best notice practicable under the circumstances, including individual notices to all Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Trilliant's counsel is **ORDERED** to provide Class Counsel with an Excel spreadsheet list of the names and last known addresses of the Settlement Class members within five (5) business days of the date of this Order, according to records maintained by Trilliant, in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; and "Zip Code";

8. Class Counsel is **ORDERED** to send a copy of the Notice to the Settlement Class members via U.S. first class mail within five (5) business days of its receipt of address information from Trilliant's counsel;

9. Each Settlement Class member who has properly and timely opted-into the FLSA Collective **SHALL BE BOUND** by the parties' Settlement Agreement & Release;

10. Each WWPCL Class member who wishes to be excluded from the WWPCL Class must opt-out pursuant to the instructions set forth in the Notice, and any such requests **SHALL BE MAILED AND POSTMARKED** within thirty (30) calendar days of the mailing of the Notice;

11. Any Settlement Class member who wishes to object to the Settlement Agreement & Release **SHALL FILE AND SERVE** such written objections pursuant to the instructions set forth in the Notice no later than thirty (30) calendar days after the mailing of the Notice, together with copies of all papers in support of his or her position;

12. Any Settlement Class member who has not properly and timely requested exclusion from the Settlement Class **SHALL BE BOUND** by the Settlement Agreement & Release in the event this Court issues a Final Order Approving Settlement;

13. A Fairness Hearing **SHALL BE SCHEDULED** approximately sixty (60) days from entry of this Order to determine whether the Settlement Agreement & Release should be finally approved as fair, reasonable, and adequate, and whether a proposed Final Order Approving the Settlement should be entered; and

14. Any remaining Motions – including a Motion for Approval of Named Plaintiff's Service Award, a Motion for Approval of Class Counsel's Attorneys' Fees and Costs, and a Joint

Motion for Final Approval of Settlement – **SHALL BE FILED** at least seven (7) calendar days prior to the Fairness Hearing, at which time this Court **SHALL DECIDE** such Motions.

Dated at Green Bay, Wisconsin this 29th day of June, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge